# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CNA FINANCIAL CORPORATION d/b/a ) <br> CONTINENTAL CASUALTY COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> YORK RISK SERVICES GROUP, INC., ) <br> ) <br> Defendant. ) | No. 14-cv-01706 <br><br> Judge Andrea R. Wood |

## MEMORANDUM OPINION AND ORDER

Plaintiff CNA Financial Corporation ("CNA") has filed a complaint against Defendant York Risk Services Group ("York") asserting a single claim for negligence under Illinois common law. CNA alleges that it was the "boiler and machinery" insurer for a Dallas residential building and therefore was obligated to cover the loss that resulted when an electrical malfunction set off the building's sprinkler system. According to CNA, York was negligent in failing promptly to inform it of the loss. As a result, CNA claims to have missed the opportunity to participate in mitigation efforts that would have reduced the loss and thus the amount that CNA was required to pay its insured. Now before the Court is York's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 18.) Because CNA's complaint asserts a claim that is barred under Illinois law by the economic loss doctrine, York's motion is granted.

## BACKGROUND

In its First Amended Complaint ("Complaint"), CNA alleges that it issued an equipment breakdown insurance policy to Lion Gables Residential Trust that provided coverage for a

building known as the Gables Republic Tower located in Dallas.[1] (Compl. ¶ 5, Dkt. No. 16.) The policy was in effect on September 3, 2012 when an electrical malfunction caused the building's sprinkler system to discharge. (*Id.* ¶¶ 7, 11.) The resulting damage to the building's machinery was covered by the CNA policy and the insurer paid Lion Gables Residential Trust $1,025,513 in policy benefits. (*Id.* ¶ 12.)

CNA further alleges that York was "named and appointed" as the loss adjuster for the insurance policy. (*Id.* ¶ 6.) The policy includes a "Change Endorsement" page that states that "the following loss adjuster applies" and identifies York thereafter. (Ex. A. to Compl. at 10, Dkt. No. 16-1.) CNA does not claim that York was a party to the policy or to any other contract obliging it to serve as the policy's adjuster. Nor does the Complaint allege that York otherwise accepted any role as loss adjuster for the policy specifically or for CNA generally. Instead, CNA simply asserts that York knew about its status as the named loss adjuster under the policy at the time of the sprinkler incident. (Compl. ¶ 7, Dkt. No. 16.) CNA does not specify any basis for its allegation of York's knowledge, however.

According to CNA, York learned of the sprinkler incident on September 7, 2012 and one of its inspectors visited the building shortly thereafter. (*Id*. ¶¶ 13, 14.) By no later than October 4, 2014, the inspector had reported the damages to the insurance carrier that issued the property insurance policy for the building and set up an inspection for that carrier. (*Id.* ¶ 15, 20.) It was only after that initial inspection with the property insurance carrier, on October 4, 2012, that York finally notified CNA of the sprinkler incident. (*Id.* ¶ 25.) CNA now claims that York was negligent in failing to provide more prompt notice of the damage and, furthermore, that this

---

[1] For purposes of deciding this motion, the Court accepts the allegations of the Complaint as true and draws all permissible inferences in CNA's favor. *See, e.g.*, *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).

failure prevented CNA from taking immediate damage mitigation measures that would have reduced the loss, and thus its payment to its insured, by $96,493. (*Id.* ¶ 36.)

## DISCUSSION

In considering a motion to dismiss for failure to state a claim, the Court accepts as true all factual allegations in the Complaint. *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 555 (7th Cir. 2012). "The complaint will survive a motion to dismiss if it 'contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). Furthermore, "a claim has facial plausibility when the plaintiff pleads factual content that allows a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

York invoked this Court's diversity jurisdiction to remove this action from the Circuit Court of Cook County, Illinois. Thus, CNA's negligence claim is governed by Illinois state law. *Reynolds v. CB Sports Bar, Inc.,* 623 F.3d 1143, 1148 (7th Cir. 2010). In Illinois, "[t]o state a claim for negligence, a plaintiff must plead a duty owed by a defendant to that plaintiff, a breach of duty, and injury proximately cause by the breach of duty." *Id*. (quoting *Bell v. Husell*, 931 N.E.2d 299, 302 (Ill. 2010)).

Illinois adheres to the economic loss doctrine, which bars recovery for a negligence claim based on a plaintiff's monetary loss incurred without a corresponding claim of injury to the plaintiff's person or property. *In re Chicago Flood Litig.,* 680 N.E.2d 265, 274-75 (Ill. 1997) (citing *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 450-52 (Ill. 1982)). The doctrine also bars tort recovery for economic losses from claimed breaches of implied duties by defendants not in privity with the plaintiff. *American United Logistics, Inc. v. Catellus Development Corp.,* 319 F.3d 921, 926 (7th Cir. 2003) ("Recovery in tort for disappointed

commercial expectations due to breach of implied duties and warranties between non-contracting parties is also barred by the economic loss doctrine."); *see also Gondeck v. A Clear Title and Escrow Exchange, LLC,* --- F. Supp. 3d ---, 2014 WL 2581173, at *11 (N.D. Ill. Jun. 9, 2014) (application of economic loss doctrine is determined "not by whether the plaintiff was a party to a contract, but rather by whether the plaintiff alleges personal or property damage as opposed to simply pecuniary losses"). CNA's claim here is solely for economic loss—*i.e.*, the amount of additional payment CNA made to its insured as a result of York's alleged negligence.

Illinois courts have recognized exceptions to the economic loss doctrine (1) where the plaintiff sustained personal injury or property damage from a sudden or dangerous occurrence; (2) where the plaintiff's damages are proximately caused by a defendant's intentional, false representation; and (3) where the plaintiff's damages are proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions. *In re Chicago Flood*, 680 N.E.2d at 272 (citing *Moorman*, 435 N.E.2d at 450-52); *see also Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 693 (7th Cir. 2011); *American United Logistics,* 319 F.3d at 926-28. But none of the facts alleged in CNA's Complaint suggests that any of the recognized exceptions applies here. CNA claims neither personal injury nor property damage, and the crux of CNA's complaint is that it did not receive any representation of any kind from York.

CNA cites *Happel v. Wal-Mart Stores, Inc.,* 766 N.E.2d 1118, 1123-24 (Ill. 2002), as guidance on the analysis to be conducted under Illinois law to determine whether a defendant accused of negligence owed a duty to the plaintiff. However, *Happel* did not involve a claim for economic loss. Rather, the plaintiff in that case allegedly suffered a physical injury as the result of a store pharmacy's negligent failure to warn her of the likely impact of a prescription drug it

4

dispensed to her. *Id.* at 1120. *Happel* provides no basis for imposing negligence liability for an economic loss.

CNA also argues that, even in the absence of a preexisting duty to inform it of the sprinkler incident, York can be held liable in tort for negligent performance following a voluntary undertaking of a service. But a plaintiff may recover for such negligence only if it is the recipient of such negligently provided services or if it is a third party physically harmed as a result of the negligence. V*ancura v. Katris,* 939 N.E.2d 328, 347 (Ill. 2010). Here, CNA alleges that York provided information for another insurance carrier but does not allege that it had any arrangement that provided for its own receipt of York's loss adjustment services.

In sum, CNA's Complaint asserts a claim that is barred by Illinois law and therefore fails to state a claim for relief.

## CONCLUSION

For the foregoing reasons, York's motion to dismiss the First Amended Complaint (Dkt. No. 18) is granted. CNA is granted leave to file a second amended complaint that cures the pleading defects identified herein, if it is able to do so consistent with the pleading requirements of Federal Rule of Civil Procedure 11, by April 13, 2015.

ENTERED:

Dated: March 16, 2015

Andrea R. Wood
United States District Judge